# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM STEPHENSON,<br><br>Defendant. | No. CR12-3016-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

## I. INTRODUCTION AND BACKGROUND

On April 3, 2012, an Indictment was returned against defendant Adam Stephenson, charging defendant with knowingly distributing and attempting to distribute child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); knowingly distributing and attempting to receive child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and two counts of possessing and attempting to possess child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). On June 4, 2012, Stephenson filed a Motion to Suppress in which he seeks to suppress statements he made to law enforcement officers, arguing that his statements were obtained without his having been informed of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). The prosecution filed a timely resistance to Stephenson's motion.

Stephenson's Motion to Suppress was referred to United States Magistrate Judge Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand conducted an evidentiary hearing on June 21, 2012, and then filed a Report and Recommendation in which he recommends Stephenson's motion to suppress be granted in part and denied in

part. Judge Strand concluded Stephenson was not in custody at the time of the questioning. Therefore, Judge Strand concluded that the fact that *Miranda* warnings were not given does not bar the use of Stephenson's statements at trial because Stephenson was not in custody at the time his questioning commenced. Thus, Judge Strand concluded that Stephenson's statements did not violate *Miranda* and should not be suppressed. Neither the prosecution nor Stephenson have filed objections to Judge Strand's Report and Recommendation.

## *II. LEGAL ANALYSIS*

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

2

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Strand's Report and Recommendation and orders that defendant Stephenson's Motion to Suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2012.

                                                                    _____
                                                                    MARK W. BENNETT
                                                                    U. S. DISTRICT COURT JUDGE
                                                                    NORTHERN DISTRICT OF IOWA